Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 744 | **DATE** | 8/8/2012 |
| **CASE TITLE** | United States of America vs. James L. Patterson | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies Patterson's 28 U.S.C. § 2255 motion and terminates this case.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In October 2006, James Patterson was indicted for knowingly transporting a minor in interstate commerce to engage in prostitution. In December 2006, the government offered Patterson a plea deal which, on the advice of his counsel, he rejected. (*See* Mem. Law Supp. 28 U.S.C. § 2255 Mot., Ex. A, Letter from Chiphe to Patterson, Dec. 7, 2006.)

On March 29, 2007, the Court set the trial for October 15, 2007 and ordered the government to give all witness statements to the defense by September 17, 2007. (*See* Minute Order, Mar. 29, 2007.)

On October 5, 2007, Patterson's counsel sent him a letter that summarized the witnesses' expected testimony and concluded: "In my opinion there is no way that we can win this case." (*See* Mem. Law Supp. 28 U.S.C. § 2255 Mot., Ex. B, Letter from Chiphe to Patterson, Oct. 5, 2007.)

On October 12, 2007, Patterson pleaded guilty to transporting a minor in interstate commerce to engage in prostitution and was sentenced to 262 months in prison. Among other things, the plea agreement states:

> Defendant understands that with respect to Guideline § 3E1.1(b), the government's position is that the defendant has not timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, the government will not move for an additional one-level reduction in the offense level.

(Plea Agreement ¶ 9(b)(vi).)

Patterson contends that his tardy guilty plea, and consequent loss of one offense level reduction, was due

| STATEMENT |
|---|
| to ineffective assistance of counsel. To prevail on this claim, Patterson must show that his counsel's performance "fell below an objective standard of reasonableness" and there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-93 (1984). Patterson cannot vault the first hurdle. |
| Though he contends his counsel's 2006 advice was based on "emotions and dislike of [the prison sentence offered]," not an assessment of the evidence (Mem. Law Supp. 28 U.S.C. § 2255 Mot. at 4), Patterson does not offer an affidavit from his counsel or any other evidence to support this claim. Rather, he assumes, solely from the fact that counsel's letter advising him to reject the 2006 plea does not set forth an evidentiary analysis, that counsel did not perform one. This kind of speculation does not overcome "[the] strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Because Patterson has not shown that his counsel performed unreasonably, the Court denies his § 2255 motion. |